UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

ZEGATO TRAVEL SOLUTIONS, LLC,

    Plaintiff,

    v.

GERALDINE M. BAILEY,
STEPHEN A. FRIEDMAN, ESQ.,
and JOSEPH, GREENWALD & LAAKE, PA,

    Defendants.

Civil Action No. TDC-14-3808

**MEMORANDUM ORDER**

On December 10, 2014, Plaintiff Zegato Travel Solutions, LLC ("Zegato") filed suit against Geraldine M. Bailey, Stephen A. Friedman, Esq., and Joseph, Greenwald & Laake, PA (collectively, "Defendants") alleging misappropriation of trade secrets. ECF No. 1. Zegato simultaneously filed a Motion for Ex Parte Temporary Restraining Order and Preliminary Injunction, which Zegato served on Defendants. Mot. TRO at 15, ECF No. 2. The Court, having reviewed the filings and finding subject matter jurisdiction insufficiently established, issued an Order on December 12, 2014, directing Zegato to show good cause why the case should not be dismissed for lack of subject matter jurisdiction. Order, ECF No. 4. On December 17, 2014, Zegato filed an Amended Complaint alleging additional jurisdictional facts. ECF No. 6. The Court has reviewed the Amended Complaint and, for the reasons set forth below, the case is dismissed for lack of subject matter jurisdiction.

## DISCUSSION

### I. Legal Standard

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). The Court therefore has a "duty to inquire, *sua sponte*, whether a valid basis for jurisdiction exists, and to dismiss the action if no such ground appears." *Id.* The plaintiff bears the burden to show that jurisdiction exists. *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988). If the court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### II. Diversity Jurisdiction

In the Amended Complaint, Zegato pleads that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Under 28 U.S.C. § 1332, federal courts have jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different States." 28 U.S.C. § 1332(a) (2012). The Amended Complaint pleads that diversity exists in this case because "Plaintiff is a business incorporated in the District of Columbia and Defendants reside and operate a business in the state of Maryland." Am. Compl. ¶ 5. However, Zegato is a limited liability company, not a corporation. *Id.* ¶ 1. For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of all of its members, in that the limited liability company is a citizen of each state of which one of its members is a citizen. *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004). Here, "[a]ll of the interests of Zegato are owned by Donald Bailey . . . a citizen of the state of Maryland." Am. Compl. ¶ 1. Thus, Zegato, like the Defendants, is a

citizen of Maryland. Accordingly, the parties are not diverse, and the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332.[1]

### III. Federal Question Jurisdiction

Zegato pleads in the alternative that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because the Amended Complaint alleges federal claims under 18 U.S.C. § 1832 and the Uniform Trade Secrets Act ("UTSA"). Am. Compl. ¶ 7. Federal courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

To the extent that Zegato attempts to establish federal jurisdiction in this civil suit based on 18 U.S.C. § 1832, it fails. Title 18 is the Crimes and Criminal Procedure Title of the United States Code, and 18 U.S.C. § 1832 is the federal criminal statute for theft of trade secrets. Private citizens do not have the right to institute a criminal prosecution or to enforce criminal statutes. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990). Therefore, a "criminal statute that only establishes a crime and punishment cannot be the basis for subject matter jurisdiction in a civil action." *See Marsh v. Iuvale*, No. 3:10-3071-CMC-PJG, 2011 WL 780516, at *2 (D.S.C. Feb. 7, 2011) (citing *Linda*

---

[1] Even if Zegato were a corporation, it is likely that diversity would not exist in this case. A corporation is deemed to be a citizen of both its state of incorporation and the state in which its principal place of business, typically the site of its corporate headquarters, is located. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Here, Zegato initially pleaded that it is "a business incorporated in the District of Columbia" with its "principal place of business at 10001 Derekwood Lane, Suite 205, Lanham, MD 20706," Compl. ¶¶ 6, 12, *see* Mot. TRO at 5-6, thus Zegato would still have had Maryland citizenship. Without any apparent justification, Zegato changed this fact by alleging in the Amended Complaint that its principal place of business is Washington, D.C. Am. Compl. ¶ 1. The Court notes that the caption on the Amended Complaint and Zegato's own Motion indicate that Zegato is indeed headquartered at the Lanham, Maryland address. *See* Am. Compl. at 1, Mot. TRO at 5-6.

*R.S.* and *Lopez*). Accordingly, any claim under 18 U.S.C. § 1832 in this civil suit is not a basis for subject matter jurisdiction, nor is it properly pleaded.

Zegato also suggests that federal question jurisdiction arises under the UTSA. However, the UTSA is not a federal statute. It is a uniform act drafted by the National Conference of Commissioners on Uniform State Laws that many states have adopted and enacted into law. *See generally* Unif. Trade Secrets Act, Prefatory Note (amended 1985), U.L.A. Trade Secr. Refs & Annos. In fact, no federal civil cause of action currently exists for trade secret misappropriation. *See* David R. Pruitt, *Will Congress Enact a Federal Trade Secrets Act in 2015?*, Nat'l Law Review, Dec. 12, 2014, *available at* 2014WLNR 35194498. Because the UTSA is not a federal statute, it is not a basis for subject matter jurisdiction in this case.

## CONCLUSION

Because the Amended Complaint fails to establish subject matter jurisdiction in this Court, it is hereby ORDERED that the case is DISMISSED.

Date: December 22, 2014

THEODORE D. CHUANG
United States District Judge